NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHMAAD AL KHERIE HOWARD,

Plaintiff,

v.

DETECTIVE QUICK, *et al.*,

Defendants.

Civil Action No. 25-13422 (RK) (JTQ)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the application of Plaintiff Rahmaad Al Kherie Howard ("Plaintiff") to proceed *in forma pauperis*, ("IFP," ECF No. 1-1), together with Plaintiff's Complaint against Defendants "Detective Quick" and "Detective Kelly," (collectively, "Defendants").[1] ("Compl.," ECF No. 1.) For the reasons set forth below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the Complaint.

**I.   BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Hurley v. Gonzales*, No. 20-14748, 2024 WL 4111529, at *1 (D.N.J. Sept. 6, 2024). Plaintiff brings claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and alleges that on September 12, 2022, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution through "false arrest,

---

[1] Plaintiff fails to include Defendants' full names in the Complaint. However, he indicates that both are detectives at the New Brunswick Police Department. Compl. at 3–4.

malicious arrest, illegal[] search, use [of] excessive force, false imprison[ment], [and] failure to intervene in breach of police procedure." Compl. at 6.

Plaintiff's two-page "Statement of Claims" is devoid of any factual details supporting the purported unlawful arrest, search, use of force, imprisonment, malicious prosecution, or violation of New Brunswick Police Department policy. Nonetheless, based on the sparse pleading, Plaintiff seems to allege that his September 12, 2022 arrest and pretrial detention at the Middlesex County Adult Correction Center in New Jersey were unlawful. (*Id.* at 2–3.) In four counts, Plaintiff alleges that this pretrial detention was the result of (1) his illegal arrest without probable cause (*id.* at 6), (2) Defendants' use of excessive force, including an alleged "threat of [an] unholstered firearm," (*id.*), (3) an illegal search in which Plaintiff was "exploited . . . and searched to obtain[] subsequent evidence" relating to his prosecution (*id.* at 7), and (4) Defendants' disregard for police department "policy and protocol" in effectuating the illegal search and use of force (*id.*). It appears that Defendant's pretrial detention continues and his prosecution for unstated alleged criminal violations remains pending per the complaint. (*Id.* at 3.) Plaintiff believes his pretrial detention is unlawful and that the charge or charges will ultimately be dismissed. (*Id.* at 6.) On July 16, 2025, nearly three years after the alleged wrongful conduct, Plaintiff filed the instant Complaint.[2]

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. The application's Affidavit of Poverty indicates that at the time of the filing of the Complaint, Plaintiff was still incarcerated at the Middlesex County Adult Correction Center and had no income or assets. (IFP at 2–3.) Plaintiff also attached to his application a certified inmate account statement from Middlesex County Adult Correction Center. (*Id.* at 4–8.) The account statement summary

---

[2] Plaintiff's Complaint is dated July 1, 2025, but was not electronically filed until July 16, 2025. Compl. at 9. Consistent with the "prisoner mailbox rule," which treats the time of filing as the "time [the complaint] was delivered to the prison authorities for forwarding to the court clerk," the Complaint will be treated as filed on July 1. *Bond v. VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011).

2

shows that as of the time of the filing of the Complaint, Plaintiff had $0.00 in his inmate account and an outstanding debt of $804.10. (*Id.* at 4.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. *IN FORMA PAUPERIS* APPLICATION

In order to proceed *in forma pauperis*, Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-

3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). Prisoners are additionally required to submit "a certified copy of [a] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2).

Plaintiff's certified inmate account statement indicates that Plaintiff had no money in his inmate account at the time of the filing of the Complaint. (IFP at 4.) Indeed, Plaintiff is more than $800 in debt. (*Id.*) The Court finds that this demonstrates that Plaintiff is unable to pay the filing fee for this matter. Therefore, Plaintiff has set forth his financial circumstances with sufficient particularity for the Court to **GRANT** Plaintiff's *in forma pauperis* application.

### B. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(i) . . . frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Even applying a less stringent review of the Complaint, Plaintiff's claims must be dismissed. Although the Court cannot typically *sua sponte* dismiss a case on statute of limitations grounds, it may do so "when a statute-of-limitations defense is apparent from the face of the complaint . . . pursuant to 28 U.S.C. § 1915." *McPherson v. United States*, 392 F. App'x 938, 943

(3d Cir. 2010). The Third Circuit has recognized that a district court's statutory screening authority under section 1915 "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*." *Smith v. Del. Cnty. Ct.*, 260 F. App'x 454, 455 (3d Cir. 2008) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006)).

The statute of limitations for Section 1983 claims is "governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). Under New Jersey law, that limitations period is two years. *Id.* at 126–27 (citing N.J. Stat. Ann. § 2A:14-2). By contrast, federal law governs when a Section 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations periods for most Section 1983 claims begin to accrue "when [the] wrongful act causes damages." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). For example, illegal search and use of excessive force claims begin to accrue the moment a plaintiff "indisputably knew about the alleged faults of search and seizure." *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012). By contrast, claims of false arrest and false imprisonment begins to accrue "when the arrestee becomes held pursuant to legal process." *Goodwin v. New Jersey*, No. 12-1040, 2012 WL 3532894, at *5 (D.N.J. Aug. 13, 2012).

Although Plaintiff's Complaint is sparse on details, he pleads that the alleged conduct occurred on September 12, 2022. (Compl. at 6.) Plaintiff, however, did not file his Complaint until July 1, 2025, well over two years later. (*See generally id.*) Accordingly, it is "apparent from the face of the complaint" that most of Plaintiff's allegations likely fall outside the relevant statute of limitations. (*Id.* at 6); *see McPherson*, 392 F. App'x at 943; *O'Connor*, 440 F.3d at 126–27. Without greater detail as to the alleged incidents, Plaintiff's illegal search, excessive force, and

violation of procedure claims would have begun to accrue on September 12, 2022, when the wrongful conduct allegedly occurred, barring the claims. *Dique*, 603 F.3d at 185; *Woodson*, 503 F. App'x at 112. Moreover, Plaintiff does not allege when he was held pursuant to legal process, making it unclear when his false arrest and false imprisonment claims began to accrue. *Goodwin*, 2012 WL 3532894, at *5. If, as the Complaint alleges, Plaintiff was held over for legal process in September 2022, these claims would also be time-barred. Without more specifics on the illegal search, excessive force, violation of policy, false arrest, and false imprisonment claims, the Court dismisses them as outside the relevant statute of limitations.

Plaintiff's malicious prosecution claim, although not time-barred, must also be dismissed as premature. A malicious prosecution claim does not accrue until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus." *Dique*, 603 F.3d at 186 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). As the United States Supreme Court has explained, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484. Plaintiff has failed to allege that the prosecution has ended in his favor; in fact, he appears to still be in pretrial detention awaiting the completion of his proceedings. (Compl. at 3.) Plaintiff cannot allege such a claim under Section 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Therefore, Plaintiff's malicious prosecution claim must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Thus, because Plaintiff either fails to state a claim for relief or his claims are untimely, his Complaint must be **DISMISSED WITHOUT PREJUDICE**.

**THEREFORE**, it is on this 27th day of October, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**;

3. Defendants shall not be served;

4. The Clerk shall administratively **CLOSE** this case;

5. In the event that Plaintiff seeks to have the above-entitled case reopened, he has thirty (30) days from the date of the entry of this Order to file an amended complaint addressing the ambiguities and insufficiencies herein;

6. If Plaintiff does not file an amended complaint within thirty (30) days of the date of entry of this Order, the Complaint will be dismissed with prejudice;

7. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Administrator of Middlesex County Adult Correction Facility;

8. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the Court's dismissal as a result of its *sua sponte* screening; § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

9. Pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of

7

filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

10. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and

11. The Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail at his address on record.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE